# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

*In re* **T.B.**

**No. 19-1091** (Greenbrier County 18-JA-72)

**FILED**

**June 25, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father S.B., by counsel Joshua L. Edwards, appeals the Circuit Court of Greenbrier County's November 20, 2019, order terminating his parental rights to T.B.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Mindy M. Parsley, filed a response in support of the circuit court's order. The guardian ad litem, Michael R. Whitt, filed a response on behalf of the child in support of the circuit court's order. Petitioner filed a reply. On appeal, petitioner argues that the circuit court erred in terminating his parental rights without imposing a less-restrictive dispositional alternative.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In December of 2018, the DHHR filed an abuse and neglect petition against the mother alleging that her chronic drug abuse resulted in the abuse and/or neglect of the child. The DHHR further alleged that petitioner was not involved in the child's life and failed to pay child support. In March of 2019, petitioner attended a multidisciplinary team ("MDT") meeting during which he admitted that he had not seen the child for nearly three years and that he could not provide stable housing for the child because his employment required regular travel. That same month, the circuit court held an adjudicatory hearing in which petitioner stipulated to failing to provide financial and emotional support for the child and failing to supervise or otherwise remain in contact with the child. The circuit court accepted the stipulation and adjudicated petitioner as an abusing parent. The circuit court also granted petitioner a post-adjudicatory improvement period. On April 18,

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

1

2019, the DHHR filed a case plan, which required petitioner to complete a parental fitness evaluation and participate in individualized parenting sessions, adult life skills classes, random drug screening, and supervised visitations. The circuit court held a review hearing in June of 2019, but petitioner failed to appear.

The circuit court held the final dispositional hearing in October of 2019, for which petitioner failed to appear, but counsel represented him. The DHHR presented evidence that petitioner had not complied with adult life skills classes, parenting classes, or random drug screening. The DHHR worker testified that petitioner exercised one supervised visit with the child in August of 2019, but failed to develop a relationship with the child by exercising any other visits. The circuit court noted petitioner's failure to appear at hearings and MDT meetings or stay in contact with the DHHR. The circuit court found that petitioner demonstrated an "unwillingness and inability to comply with services to attain minimally adequate parenting, and [that] there was no reasonable likelihood that the conditions of neglect c[ould] be substantially corrected by [petitioner]." The circuit court also stated:

> Taking into account all of the dispositional alternatives in their proper sequence and it being necessary for the welfare of the child and in the best interest of the child, who is six years of age, it is appropriate to involuntarily terminate the parental rights of [petitioner] to the child.

Accordingly, the circuit court terminated petitioner's parental rights by its November 20, 2019, order. It is from this dispositional order that petitioner appeals.[2]

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

---

[2]The mother voluntarily relinquished her parental rights below. The permanency plan for the child is adoption by his maternal grandparents.

On appeal, petitioner alleges that the circuit court erred in terminating his parental rights without imposing a less-restrictive dispositional alternative under West Virginia Code § 49-4-604(b)(5) (2019),[3] such as a relative's guardianship of the child. According to petitioner, the circuit court's determination that the termination of his parental rights was necessary for the child's welfare was not based upon any findings of fact beyond petitioner's failure to complete his improvement period. As such, petitioner argues, this determination focused only on "punishing the father, not the child's best interest." We disagree and note that, on appeal, petitioner cannot establish that the circuit court's findings necessary for termination were erroneous.

West Virginia Code § 49-4-604(b)(6) (2019) permits a circuit court to terminate parental rights upon finding that "there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the welfare of the child. Further, pursuant to West Virginia Code § 49-4-604(c)(3) (2019), a situation in which there is no reasonable likelihood that the conditions of abuse and neglect can be substantially corrected includes one in which "[t]he abusing parent . . . [has] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts . . . designed to reduce or prevent the abuse or neglect of the child."

Here, petitioner concedes that he "failed to comply with the terms and conditions of his improvement period" and does not allege error in the circuit court's finding that there was no reasonable likelihood that he could substantially correct the conditions of abuse and neglect in the near future. Instead, petitioner challenges the circuit court's finding that the termination of his parental rights was necessary for the child's welfare. However, the record clearly supports the circuit court's determination as petitioner admitted to having no bond with the then-five-year-old child who he had not seen in three years. Even more concerning, the record shows that petitioner took no steps during the proceedings to develop a relationship with the child, despite the fact that "[o]ur cases indicate that a close emotional bond generally takes several years to develop." *In re Alyssa W.*, 217 W. Va. 707, 711, 619 S.E.2d 220, 224 (2005). Instead of attempting to begin the long process of establishing a bond, petitioner instead remained disinterested in the child, as he had for years prior to these proceedings. The evidence also shows that petitioner failed to financially or emotionally support the child and had no plans to provide him adequate housing. Further, petitioner failed to appear for several hearings, including the final dispositional hearing, to defend his parental rights. Most importantly, petitioner appeared for only one visit with the child during the proceedings below. "We have previously pointed out that the level of interest demonstrated by a parent in visiting his or her children while they are out of the parent's custody is a significant factor in determining the parent's potential to improve sufficiently and achieve minimum standards to parent the child." *In re Katie S.*, 198 W. Va. 79, 90 n.14, 479 S.E.2d 589, 600 n.14 (1996) (citations omitted). Based upon the foregoing, we find no error in the circuit court's determination that termination of petitioner's parental rights was necessary for the child's welfare. Therefore, petitioner is entitled to no relief.

---

[3]Although the Legislature amended West Virginia Code § 49-4-604 effective June 5, 2020, including renumbering the provisions, the amendments do not impact this case.

To the extent petitioner claims that he should have been granted a less-restrictive disposition because the child could have been placed in a temporary guardianship with relatives, we have held,

> "[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, [West Virginia Code § 49-4-604 (2019)] may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(c) (2019)] that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). Because the circuit court properly found that there was no reasonable likelihood that the conditions of abuse and neglect could be corrected in the near future, a less-restrictive alternative disposition was not warranted.

Accordingly, the circuit court's November 20, 2019, order is hereby affirmed.

Affirmed.

**ISSUED**: June 25, 2020

**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison